**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

LATANUA K. RUDD,

       Plaintiff,

v.                              No. 24-cv-02504-TLP-cgc

THE MAGISTRATE JUDGE ANNIE T. CHRISTOFF,
WENDY R. OLIVER – CLERK OF US DISTRICT COURT,
THE TENNESSEE BAR ASSOCIATION,

       Defendants.

## REPORT AND RECOMENDATION

On July 17, 2024, Plaintiff Latanua Rudd, a resident of Arlington, Shelby County, Tennessee, filed a *pro se* complaint and paid the case initiation fee. (Docket Entry ("D.E.") # 1 and 3.) This case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05[1]. On that same date, Plaintiff was given blank summonses to complete and return for issuance. (D.E. # 8) Plaintiff filed documents that purport to be affidavits of service on August 16, 2024 (D.E. # 9, 10 and 11).

Rule 4(c) states, "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Because Plaintiff paid the case initiation fee, she was responsible for ensuring that

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

service is completed consistent with Rule 4.  Rule 4(l)(1) requires that proof of service be made by the server's affidavit.  Rule 4(c) requires that service be made by someone "who is at least 18 years old and <u>not a party</u>."  The documents provided by Plaintiff are not affidavits.  The proof of service forms, which include a space for the server's signature affirming that the service information is being declared under penalty of perjury, are not completed.  (D.E. # 9, PageID 31; D.E. # 10, PageID 37; D.E. #11, PageID 40)   Plaintiff provides a certificate of service that she signed in the presence of a notary and priority mail return cards and receipts but these only indicate that Plaintiff has made the service which is impermissible as she is a party to the case.  (D.E. # 9, PageID 32; D.E. # 10, PageID 37-38; D.E. #11, PageID 41)   Therefore, the docket does not reflect that Plaintiff has provided proof of service to the court in compliance with Rule 4.

Rule 4(m) of the Federal Rules of Civil Procedure provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  On February 24, 2026, an order to show cause (D.E. # 13) was entered directing Plaintiff to show cause within fourteen (14) days of entry of the order as to why the Court should not enter a Report and Recommendation recommending to the District Court that the Complaint be dismissed without prejudice.  To date, no response to the Order to Show Cause has been filed.  For the reasons stated above it is RECOMMENDED that the Complaint be dismissed without prejudice for failure to serve the defendants within 90 days after the complaint was filed.

Plaintiff was cautioned that a failure to respond would result in a recommendation of

dismissal of the case for failure to prosecute. (D.E. # 13, PageID 47)  If a plaintiff fails properly to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket, or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399 (5th Cir.1985). The Sixth Circuit has held that dismissal for failure to prosecute is warranted where the Court affords a plaintiff a reasonable period of time to comply with orders before the dismissal occurs, see *Harris v. Callwood*, 844 F.2d 1254 (6th Cir.1988); *Sepia Enterprises, Inc. v. City of Toledo*, 462 F.2d 1315 (6th Cir.1972) (per curiam).

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir.1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id*.  It is recommended that the first factor is met as it is Plaintiff's fault for not prosecuting her case. Plaintiff has not shown that service on Defendants has been made.  As to the third and fourth factors, it is recommended that they weigh heavily against the Plaintiff.  The Order to Show Cause made it clear that dismissal of the case was under consideration by the Court.  Plaintiff has ignored the Court's order and has failed to meaningfully participate in the case.  Dismissal is appropriate pursuant to the Court's inherent power to control its docket.

Accordingly, it is FURTHER RECOMMENDED that the Plaintiff's Complaint be

involuntarily dismissed with prejudice pursuant to Fed. R. Civ. P.  41(b) and the Court's inherent power.

Signed this 9th day of April, 2026.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**