IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LATANUA RUDD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:24-cv-02504-TLP-cgc |
| v. | ) | |
| | ) | JURY DEMAND |
| JUDGE ANNIE T. CHRISTOFF, WENDY | ) | |
| R. OLIVER, Clerk of US District Court, | ) | |
| TENNESSEE BAR ASSOCIATION, and | ) | |
| VENITA GRIFFIN, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS FOR
FAILURE TO PROSECUTE

No defendant has appeared here even though this case is quite old.  And the last time pro se Plaintiff Latanua Rudd pursued this case was in October 2024 when she filed her Amended Complaint.  (ECF No. 12.)  So Magistrate Judge Charmiane G. Claxton issued a show cause order in early 2026.  (ECF No. 13.)  Because Plaintiff failed to respond, Judge Claxton now recommends that this Court dismiss the case for failure to prosecute.  (ECF No. 14.)  For the reasons below, the Court **ADOPTS** her Report and Recommendation ("R&R") and **DISMISSES** the case **WITHOUT PREJUDICE**.

**BACKGROUND**

In July 2024, Plaintiff sued Defendants Judge Annie T. Christoff, Wendy R. Oliver, the Tennessee Bar Association, and Venita Griffin.  (ECF No. 1 (Complaint); *see also* ECF No. 12 (Amended Complaint).)  She seeks $100,000,000.00 and asserts that Defendants violated the Tuckers Act, the "Administrative Procedures Act," committed common law fraud, and violated

1

her due process rights.  (ECF Nos. 1, 12.)  These violations appear to stem a separate case in the Western District of Tennessee that "Judge Samuel H. Mays Jr, The State of Tennessee, and The Tennessee BAR ASSOCIATION dismissed."  (*Id.*)  Because Plaintiff proceeds pro se, this Court referred the case to Magistrate Judge Claxton to manage all pretrial matters.  *See* Admin. Order No. 2013-05.

After Plaintiff paid the case initiation fee (ECF No. 3), the Clerk's Office issued her blank summonses to execute (ECF No. 8).  Plaintiff filed three affidavits for proof of service in August 2024.  (ECF Nos. 9–11.)  But as Judge Claxton's February 2026 show cause order explains, the proofs of service were inadequate because "Plaintiff provides a certificate of service that she signed in the presence of a notary and priority mail return cards and receipts but these only indicate that Plaintiff has made the service which is impermissible as she is a party to the case."  (ECF No. 13 at PageID 46.)  *See* Fed. R. Civ. P. 4(c)(2) (requiring service to be made by "[a]ny person who is at least 18 years old and *not a party*") (emphasis added).

Finding service deficient, Judge Claxton next ordered "Plaintiff to show cause within fourteen (14) days of the entry of this Order as to why the Court should not enter a Report and Recommendation recommending to the District Court that the Complaint be dismissed without prejudice."  (ECF No. 13 at PageID 46.)  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

But Plaintiff never responded to the Show Cause Order.  So Judge Claxton later issued an R&R recommending that the Court dismiss this case without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute.  (ECF No. 14.)

**LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters.  28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If the parties do not object, the district court reviews the R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes; *see also* 28 U.S.C. § 636(b)(1)(C).

Judge Claxton entered her R&R on April 9, 2026.  (ECF No. 14.)  The R&R notified Plaintiff that she had fourteen days to object.  (*Id.*)  Plaintiff did not do so, and the time to object has now passed.  The Court therefore reviews the R&R for clear error.

**DISPOSITION**

Having reviewed the record, the Court finds no clear error in the R&R.  As Judge Claxton correctly noted, "Plaintiff has ignored the Court's order and has failed to meaningfully participate in the case."  (*Id.* at PageID 50.)  Such inaction is textbook grounds for a failure-to-prosecute dismissal under Rule 41(b).  *Cf. Carpenter v. City of Flint*, 723 F.3d 700, 04 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." (citations omitted); *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) ("This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties.") (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).  What is more, Judge Claxton correctly weighed the Rule 41(b) factors and found that all four

point to dismissal.  (ECF No. 14 at PageID 50 (citing *Knoll*, 176 F.3d at 363).)  The Court therefore **ADOPTS** the R&R's recommendation and dismisses this case for failure to prosecute.

## CONCLUSION

The Court has reviewed Judge Claxton's R&R and finds no clear error.  And so the Court **ADOPTS** the R&R's recommendation and **DISMISSES** this case **WITHOUT PREJUDICE** for failure to prosecute.

**SO ORDERED**, this 6th day of May, 2026.

s/Thomas L. Parker

THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

4